IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **GEORGE M. SAUNDERS, JR.** | * | Case No.  24-12842 |
| | * | Chapter 7 |
| | * | |
| Debtor. | * | |
| | * | |
| ****************************************** | | |
| **THE ESTATE OF JASON S. KIDDY** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Adversary No.  24-00280 |
| | * | |
| **GEORGE M. SAUNDERS, JR.** | * | |
| | * | |
| Defendant. | * | |

\*        \*        \*        \*        \*        \*        \*

**DEBTOR / DEFENDANT GEORGE M. SAUNDERS, JR.'S
OBJECTIONS TO PLAINTIFF'S EXHIBITS AND
COUNTER-DESIGNATIONS OF DEPOSITIONS**

Debtor/Defendant George M. Saunders, Jr. (hereinafter, the "Defendant" or "Mr. Saunders"), by and through his undersigned counsel, files these Objections to Plaintiff's Exhibits and Counter-Designations of Depositions, pursuant to the Court's Scheduling Order dated January 30, 2025 (Dkt. #17), and D. Md. Bankr. R. 7016-1, and states as follows:

1

I.     MR. SAUNDERS' OBJECTIONS TO PLAINTIFF'S EXHIBITS

Defendant objects to the following Plaintiff's exhibits as set forth on Plaintiff's Exhibit List filed on September 8, 2025 [Dkt. #31]:

A. **Plaintiff's Exhibits that are not relevant and barred by Collateral Estoppel.**

1. Plaintiff's Exhibits 1-8;

2. Plaintiff's Exhibits 31-37;

3. Plaintiff's Exhibit 55;

4. Plaintiff's Exhibit 56 (Lisa Feinman deposition designations);

5. Plaintiff's Exhibit 61 and 62 (Dr. Kiddy's De Bene Esse Deposition and Video) pursuant to Defendant's Objections filed on September 8, 2025, Exhibit B. [Dkt. #36-2]; and

6. Plaintiff's Exhibit 63 (Britt Rife deposition designations).

Defendant's objections to Plaintiff's Exhibits identified above are based on the State Court's findings, after trial, in *Jason Kiddy v. Beacon Scientific, LLC*, et al, Case No. C-02-CV-23-000203, Circuit Court for Anne Arundel (Hon. Elizabeth S. Morris) ("State Court"). The State Court's findings relating to Plaintiff's breach of contract claims and declaratory relief were based on the Loan Agreement between Beacon Scientific, LLC, and Dr. Kiddy, and the Operating Agreement, which was executed by the parties on June 23, 2017 ("the Agreements"). The State Court found the Loan Agreement clear and unambiguous. (See Declaratory Judgment as to Count I of Plaintiff's Complaint, Order of

Judgment, and Transcript of Opinion attached to Defendant's Pre-Trial Statement) (Dkt. #29, 29-1, 29-2, and 29-3).

Plaintiff's Exhibits 1-8, 31-37, and 55, are all dated on or before June 23, 2017 – the execution date of the Agreements. Portions of the deposition transcripts identified as Exhibit 56 (Deposition of Lisa Feinman); Exhibit 61 (*De Benne Esse* Deposition of Jason Kiddy); and Exhibit 63 (Deposition of Britt Rife), include testimony regarding formation of Loan Agreement and the parties' understandings and interpretation of the terms.

The issue regarding the existence of any ambiguity of the Agreements should not be relitigated in this Court under the doctrine of collateral estoppel (issue preclusion) which is applicable in dischargeability proceedings. *In re Muhs*, 923 F.3d 377, 385 (4th Cir. 2019) (citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991)). *See also Li. v. Chu (In re Chu)*, Case No. 18-20703-LSS, 2019 Bankr. LEXIS 2745 (Bankr. D. Md. 2019) and *Gulati v. McClendon (In re McClendon)*, 415 B.R. 170, 180 (Bankr. D. Md. 2009) (discussing elements of collateral estoppel).

Maryland Courts have a deep and longstanding commitment to the application of the "law of objective contract interpretation." *Calomiris v. Woods*, 353 Md. 425, 435-36 (1999); see also *Dumbarton Improvement Ass'n v. Druid Ridge Cemetery Co.*, 434 Md. 37, 51 (2013); *Cochran v. Norkunas*, 398 Md. 1, 16-17 (2007). Under these principles, "the written language embodying the terms of an agreement will govern the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered into the written contract, unless the written language is not susceptible of a clear and definite

3

understanding." *Dumbarton Improvement Ass'n*, 435 Md. at 51 (internal citations and quotations omitted). "If the language of a contract is unambiguous," a Maryland court will "give effect to its plain meaning" and will "not contemplate what the parties may have subjectively intended by certain terms at the time of formation." *Cochran*, 398 Md. at 16-17.

"Under the parol evidence rule, a written agreement 'discharges prior agreements,' thereby rendering legally inoperative communications and negotiations leading up to the written contract." *Calomiris*, 353 Md. at 361-62 (quoting Restatement (Second) of Contracts § 213); *Huggins v. Huggins & Harrison, Inc.*, 220 Md. App. 405, 418 (2014). As the Court of Appeals explained, "[n]o principle of law is more firmly settled than that which excludes parol evidence," and "[i]t would be useless to cite the numerous instances in which our predecessors . . . held that all oral negotiations or stipulations between the parties preceding or accompanying the execution of a written instrument, are to be regarded as merged in it, and the latter treated as the exclusive medium of ascertaining the agreement by which the contracting parties bound themselves." *Canatella v. Davis*, 264 Md. 190, 202 (1972) (quoting *Bladen v. Wells*, 30 Md. 577, 581 (1869)). The "policy of the parol evidence rule . . . is grounded in the inherent reliability of a writing as opposed to the memories of contracting parties." *Central Truck Center, Inc. v. Central GMC, Inc.*, 194 Md. App. 375, 391 (2010) (quoting *One-O-One Enterprises, Inc. v. Caruso*, 848 F.2d 1283, 1287 (D.C. Cir. 1988)).

4

Plaintiff's exhibits contain parole evidence on the issue of the ambiguity of the Loan Agreement, including deposition testimony, numerous e-mails, and draft agreements, about the parties understanding of the meaning of certain provisions of the Loan Agreement – all of which should be precluded in this matter based on the State Court's decision.

>   B.   **Plaintiff's Exhibits 56 and 63 are Deposition Transcripts of non-parties (Lisa Feinman and Britt Rife) who are available to testify at trial.**

1. Plaintiff's Exhibit 56 (Lisa Feinman deposition designations); and

2. Plaintiff's Exhibit 63 (Britt Rife deposition designations).

Plaintiff has identified Plaintiff's Exhibit 56 (Lisa Feinman deposition designations), and Plaintiff's Exhibit 63 (Britt Rife deposition designations).  Both Ms. Feinman and Mr. Rife are identified as fact witnesses on the witness lists of both Plaintiff and Defendant and are available to testify.   See Fed. Rule Civ. Pro.  32(4) ("Using Depositions in Court Proceedings")("Unavailable Witness").   The depositions of Ms. Feinman and Mr. Rife were taken in the State Court case and not taken for the purpose of trial in the State Court or in this matter.   The transcripts are hearsay and do not fall under any of the exceptions for admissibility under Fed. Rule Evid. 803.  Plaintiff's Exhibits 56 and 63 should be excluded.

>   II.   **DEFENDANT'S COUNTER-DESIGNATIONS TO PLAINTIFF'S DESIGNATIONS OF DEFENDANT'S 9/3/2021 DEPOSITION.**

Defendant's counter-designations to Plaintiff's Designations of Defendant's George M. Saunders, Jr.'s Deposition dated September 3, 2021, are attached hereto as **Exhibit A**.

Defendant's objections to certain identified portions of Mr. Saunders deposition are based on the State Court's findings on Plaintiff's breach of contract claims under the Operating Agreement and Loan Agreement of Beacon Scientific, LLC, which were executed by the parties on June 23, 2017.   The identified designations should be precluded as not relevant under the doctrine of collateral estoppel as the State Court found the agreements clear and unambiguous and parole evidence should not be admissible, and the issue should not be relitigated.

        McNamee, Hosea P.A.

        By: /s/ *Janet M. Nesse*
        Janet M. Nesse (Fed Bar No. 07804)

        By: /s/ *Craig Palik*
        Craig M. Palik (Fed Bar No. 15254)
        6404 Ivy Lane, Suite 820
        Greenbelt, Maryland 20770
        (301) 441-2420 Telephone
        (301) 982-9450 Facsimile
        jnesse@mhlawyers.com


        /s/     *Jonathan P. Kagan*
        Jonathan P. Kagan (Fed Bar No. 23181)
        kagan@kaganstern.com

/s/     *Patrick W. Daley*
Patrick W. Daley (Fed Bar No. 19801)
daley@kaganstern.com

KAGAN STERN MARINELLO & BEARD, LLC
238 West Street
Annapolis, Maryland 21401
410-216-7900 Telephone
410-705-0836 Facsimile

*Attorneys for Defendant,*
*George M. Saunders, Jr.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2025, a copy of the foregoing Defendant's Objections to Plaintiff's Exhibits and Counter-Designations of Depositions was served electronically on all parties receiving ECF notice via the Court's CM/ECF electronic filing system.

/s/     *Jonathan P. Kagan*
Jonathan P. Kagan (Fed Bar No. 23181)